# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| BRANDON TROY SHOWELL, | : |
| --- | --- |
| Plaintiff, | : |
| v. | : Civ. No. 18-1723-LPS |
| TOVAR QUINTERO, et al., | : |
| Defendants. | : |

Brandon Troy Shoswell, Sussex Correctional Institution, Georgetown, Delaware, Pro Se Plaintiff.

# **MEMORANDUM OPINION**

September 30, 2019
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Brandon Troy Showell ("Plaintiff"), a pretrial detainee at the Sussex Correctional Institution ("SCI") in Georgetown, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) On April 8, 2019, Plaintiff an Amended Complaint adding claims. (D.I. 8) Plaintiff requests counsel. (D.I. 6)

## II. BACKGROUND

The original Complaint (D.I. 1) alleges that on June 5, 2018, Plaintiff was involved in a physical altercation with Defendant State Police Trooper Tover Quintero ("Quintero") who tased Plaintiff. Plaintiff alleges that he advised Quintero that he had a heart condition but Quintero ignored Plaintiff's pleas for medical attention and instead, handed Plaintiff over to Defendant Trooper Perry ("Perry") to transport Plaintiff to Delaware State Police Troop 5. Plaintiff alleges that he passed out in the cruiser and later regained consciousness upon his arrival at Troop 5. Plaintiff alleges that he was not provided any medical attention before he was transferred to the SCI.

Plaintiff was arrested as a result of the June 5, 2018 incident and charged with several felonies. Based upon the allegations in the Amended Complaint (D.I. 8), it appears that his criminal trial is pending. The Amended Complaint adds claims that Defendants lacked probable cause to arrest Plaintiff on June 5, 2018, fabricated evidence, committed perjury, and used false statements with regard to his arrest. Plaintiff bases the allegations upon discovery received in the pending criminal matter. Plaintiff seeks compensatory damages.

## II. DISCUSSION

Filed under 42 U.S.C. § 1983, Plaintiff's Complaint and its amendment alleges various constitutional violations, including that Defendants arrested him without probable cause, fabricated

1

evidence, perjured themselves, and used false statements with regard to his arrest, and also pleads claims of excessive force and deliberate indifference to serious medical needs. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. To establish § 1983 liability, a plaintiff must prove a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996) (internal quotation marks omitted).

The ultimate success of some of Plaintiff's claims requires that he show Defendants lacked probable cause to arrest him. *See, e.g., Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995) (requiring § 1983 plaintiff to demonstrate lack of probable cause to prove false arrest claim); *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (requiring that § 1983 plaintiff bringing malicious prosecution claim show that "the proceeding was initiated without probable cause"). This determination is complicated by the present procedural posture of Plaintiff's criminal prosecution. "[I]f a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice to stay the civil action until the criminal case . . . has ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). Given the importance of the question of probable cause in Plaintiff's pending criminal case and in the instant civil case, the Court will stay these proceedings. Not doing so would cause the Court to inappropriately "speculate about whether [the] prosecution . . . will result in a conviction, and whether the impending civil action will impugn that verdict. . . ." *Id.* at 393.

Finally, Plaintiff's request for counsel will be denied without prejudice to renew as premature. (D.I. 6) Plaintiff may renew his request when the stay is lifted.

## III. CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's request for counsel without prejudice to renew (D.I. 6); and (2) stay this matter pending final resolution of the criminal proceedings that form the basis of this complaint. Plaintiff will be ordered to update the Court on the status of the pending criminal proceedings.

An appropriate Order will be entered.