**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BRANDON TROY SHOWELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | : CONSOLIDATED |
| v. | : | : Civ. No. 18-1723-LPS |
| | : | |
| TOVAR QUINTERO, et al., | : | |
| | : | |
| Defendants. | : | |

---

Brandon Troy Showell, Sussex Correctional Institution, Georgetown, Delaware.  Pro Se Plaintiff.

**MEMORANDUM OPINION**

March 28, 2022
Wilmington, Delaware

**STARK, U.S. Circuit Judge:**

## I.   INTRODUCTION

Plaintiff Brandon Troy Showell ("Plaintiff"), an inmate at Sussex Correctional Institution

("SCI") in Georgetown, Delaware, commenced this action on November 1, 2018, pursuant to 42

U.S.C. § 1983.[1]  (D.I. 1)  Plaintiff appears *pro se* and has been granted leave to proceed *in forma*

*pauperis*.  (D.I. 11)  On October 25, 2019, the Court consolidated Civ. No. 18-1723-LPS with Civ.

No. 19-624-LPS, with Civ. No. 18-1723-LPS as the lead case.  The operative pleading filed in Civil

Action No. 18-1723-LPS at D.I. 1 and D.I. 8 and the Complaint filed in Civil Action No. 19-624-

LPS at D.I. 1, together, stand as the Complaint in this consolidated action.  The matter was stayed

on September 30, 2019 due to Plaintiff's related criminal matter.  Plaintiff moves to lift the stay,

requests counsel, and seeks leave to amend.  (D.I. 17, 19, 20, 25, 26)  The Court proceeds to review

and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II.   BACKGROUND

Plaintiff was arrested on June 5, 2018 following an altercation with Defendant, Delaware

State Police Trooper Tovar-Quintero ("Tovar"), that resulted in Plaintiff's arrest and several criminal

charges, including possession of a deadly weapon during the commission of a felony; assault 2d

injuring a law enforcement officer; and resisting arrest with force or violence that injures or struggles

with a peace officer causing injury.  (D.I. 8 at 5)  On October 25, 2019, Plaintiff pled guilty to assault

2d, reckless endangerment, and resisting arrest.  (D.I. 16)

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a
federal right, and that the person who caused the deprivation acted under color of state law. *See*
*West v. Atkins*, 487 U.S. 42, 48 (1988).

1

Plaintiff alleges that during the altercation, he was tased by Tovar, who had jumped onto the running board of Plaintiff's moving vehicle, and that the tasing left him incompetent to control the vehicle while it accelerated down the road. (Civ. No. 18-1723-LPS D.I. 1 at 5; D.I. 8 at 6, 7; Civ. No. 19-624-LPS D.I. 1 at 7-8) Plaintiff alleges that after the vehicle stopped, Tovar hopped off the running board and tased him a second time, removed the taser prongs, and tased Plaintiff a third time under his left breast. (Civ. No. 19-624-LPS D.I. 1 at 8) Plaintiff concluded that Tovar's motive was beyond arresting him, and he exited the vehicle and ran with Tovar in pursuit. (*Id.*) Plaintiff's sister saw what was happening and told Plaintiff to stop running because Tovar was trying to shoot Plaintiff. (*Id.*) At that point, Plaintiff laid on the ground and was cuffed. (*Id.*) Plaintiff alleges that once cuffed, Tovar sat on Plaintiff's back with his "knee and his weight" while he radioed officers to the scene. (*Id.*) Plaintiff alleges that Tovar "recklessly engaged in his use of force." (D.I. 8 at 7)

Plaintiff struggled to breathe, told Tovar that he had been diagnosed with "heart complications," and that he "was in serious need of medical attention." (Civ. No. 18-1723 D.I. 1 at 5; Civ. No. 19-624-LPS D.I. 1 at 8) Plaintiff alleges that Tovar ignored his pleas for medical attention and handed him over to Defendant State Police Trooper Perry ("Perry"), who transported Plaintiff to Delaware State Police Troop 5 headquarters. (D.I. 1 at 5-6) Plaintiff alleges that on the way there, he passed out, later regaining consciousness upon arrival at Troop 5. (*Id.* at 6) Plaintiff alleges that neither Tovar nor Perry made any attempt to summon or provide medical care. (*Id.* at 7) Plaintiff was transported to SCI.[2] (*Id.* at 6) Plaintiff alleges that Tovar, Perry, and Defendant Detective Simpson denied him medical care in violation of the Eighth and Fourteenth Amendments. (*Id.* at 5)

---

[2] There are no allegations that Plaintiff was provided medical care at SCI.

After the incident, Tovar was taken to the local hospital for treatment for injures he allegedly suffered. (*Id.* D.I. 8 at 5)  Plaintiff alleges that Tovar reported he was injured when his arm was "stuck in the steering wheel being dragged down the roadway" of a vehicle driven by Plaintiff. (*Id.*) Plaintiff alleges that medical records do not support Tovar's claim of injures and that Tovar perjured himself to establish probable cause for Plaintiff's arrest. (*Id.* at 6)  Plaintiff raises claims of false arrest, excessive force, and supervisory liability against Tovar, Perry, and Simpson. (*Id.* at 9)

Plaintiff seeks compensatory damages and relief from incarceration.

## III.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the operative pleading, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002).  "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal

3

theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his Complaint, unless amendment would be inequitable or futile. *See Grayson*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

4

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.    DISCUSSION

### A.    Immunity

Delaware State Police Troop 4 and Troop 5 ("State Police Troop 4 and 5") is a named Defendant. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). State Police Troop 4 and 5 fall under the umbrella of the Delaware State Police, an agency of the State of Delaware. *See Janowksi v. Division of State Police Dep't of Safety & Homeland Sec.*, 2009 WL 537051, at *2 (Del. Super. Feb. 27, 2009). Accordingly, it is immune from suit under the Eleventh Amendment. *See, e.g., Jones v. Crisis Intervention Services*, 239 F. Supp. 3d 795, 799 (D. Del.), *aff'd*, 686 F. App'x 81 (3d Cir.), (Delaware State Police immune from suit in civil rights action); *Lovett v. Pietlock*, 2011 WL 2086642, at *4 (Del. Super. Ct. Apr. 26, 2011), *aff'd*, 32 A.3d 988 (Del. 2011) (action may not be maintained because Delaware State Police holds sovereign immunity as agency of the State and because

5

Delaware has not waived immunity). Further, a state agency, such as the Delaware State Police, "is not a person" subject to claims under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

State Police Troop 4 and 5 will be dismissed as a defendant.

## B.    Respondeat Superior/Personal Involvement

Plaintiff alleges that Detective Simpson prepared a police report.[3] Liability in a 42 U.S.C. § 1983 action is personal in nature; to be liable, a defendant must have been personally involved in the wrongful conduct. In other words, a defendant is "liable only for [his] own unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom., Taylor v. Barkes*, 575 U.S. 822 2042 (2015). The allegations against Simpson do not rise to the level of a constitutional violation. In addition, to the extent Simpson is named as a defendant under a theory of respondeat superior, it is well established that there is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). Therefore, Simpson will be dismissed as a defendant.

## C.    False Arrest

Plaintiff raises claims of false arrest against Tovar, Perry, and Simpson. In *Heck v. Humphrey*, the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, a plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence. *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Plaintiff's claim rests upon allegations that he was wrongfully arrested, resulting in criminal charges and his guilty plea. The claim clearly implicates the validity of Plaintiff's conviction and is barred by *Heck*. *See Fields v. Venable*, 674 F. App'x 225, 229

---

[3] Plaintiff also alleges that Perry prepared a report. This is not a constitutional violation.

(3d Cir. 2016) (finding *Heck* barred Fourth Amendment claim that plaintiff's rights were violated by improperly issued arrest warrant and illegal search upon his arrest); *Ellington v. Cortes*, 532 F. App'x 53, 56 (3d Cir. 2013) (determining *Heck* barred claim because it was clear that finding in plaintiff's favor on false arrest/unconstitutional search claim would imply invalidity of his conviction on drug related charges); *James v. York Cty. Police Dep't*, 160 F. App'x 126, 133-34 (3d Cir. 2005) (holding *Heck* barred § 1983 claim of unlawful search and seizure where "arrest and conviction were based on the evidence gathered" in allegedly illegal search and seizure).

Plaintiff's wrongful arrest claim is barred by *Heck* and will be dismissed.

### D.    Excessive Force and Medical Claims

Plaintiff has alleged what appears to be a cognizable and non-frivolous excessive force claim against Tovar and a cognizable and non-frivolous deliberate indifference to serious medical needs claims against Tovar and Perry. Plaintiff will be allowed to proceed with these claims.

## V.    MISCELLANEOUS MOTIONS

### A.    Motions to Lift Stay

Plaintiff's motions to lift the stay will be granted, as Plaintiff's criminal matter has been concluded. (Consolidated Case at D.I. 17, 19, 25, 26)

### B.    Request for Counsel

Plaintiff renews his request for counsel, *see* D.I. 6, due to his lack of knowledge of the law and on the grounds that his criminal matter has concluded. (D.I. 6, 17, 19, 25) A *pro se* litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *See Tabron*, 6 F.3d at 155.

7

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *See Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. To date, the filings demonstrate Plaintiff's ability to articulate his claims and represent himself. In addition, the issues are not complex. For these reasons, this Court will deny Plaintiff's requests for counsel without prejudice to renew.

## C. Motion to Amend

Plaintiff moves to amend to add due process claims of fabricated evidence and prosecutorial misconduct/malicious prosecution in violation of the Fourteenth Amendment. (D.I. 20) Pursuant to Fed. R. Civ. P. 15(a)(2), courts "should freely give leave [to amend] when justice so requires." However, "undue delay, bad faith, dilatory motive, prejudice, [or] futility" could all "justify a denial of leave to amend." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted" under the standard of Federal Rule of Civil Procedure 12(b)(6). *Lejon-Twin El v. Marino*, 722 F. App'x 262, 265

8

(3d Cir. 2018). In evaluating whether a plaintiff has stated a claim upon which relief could be granted, the court accepts "all factual allegations as true, construes the complaint in the light most favorable to the plaintiff, and determines whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Bronowicz v. Allegheny Cty.*, 804 F.3d 338, 344 (3d Cir. 2015) (internal quotation mark omitted).

Plaintiff pled guilty to criminal charges brought against him and, therefore, the proposed malicious prosecution claim fails as a matter of law since the criminal matter did not end in his favor. *See Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014) ("To prevail on a Fourth Amendment malicious prosecution claim under section 1983, a plaintiff must establish that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."). *see also Walker v. Clearfield Cty. Dist. Attorney*, 413 F. App'x 481, 483 (3d Cir. 2011) ("[A] guilty plea . . . does not permit a later assertion of no probable cause."); *Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002) (malicious prosecution claims require that underlying criminal proceedings were terminated in manner signifying innocence of accused).

In addition, similar to the unlawful arrest claim dismissed above, Plaintiff's proposed fabricated evidence and prosecutorial misconduct claims are barred by *Heck*, as the proposed claims necessarily call into question the validity of his conviction. *See, e.g., Abella v. Rubino*, 63 F.3d 1063, 1064, 1065 (11th Cir. 1995) (holding that plaintiff's argument that defendants "knowingly and willfully conspired to convict him falsely by fabricating testimony and other evidence against him" was barred under *Heck* because "[j]udgment in favor of [plaintiff] on these claims [that the

9

defendants unconstitutionally conspired to convict him of crimes he did not commit] would

necessarily imply the invalidity of his conviction (internal quotation marks omitted)"); *Perez v. Sifel*,

57 F.3d 503 (7th Cir.1995) (per curiam) (*Heck* barred § 1983 action charging conspiracy to procure

conviction through perjury, falsifying evidence, and withholding exculpatory evidence); *Hennessey v.*

*Atlantic Cty. Dep't of Pub. Safety*, 2006 WL 2711510, at *6 n.7 (D.N.J. Sept. 18, 2006) (any claim for

damages in § 1983 action alleging prosecutorial misconduct would not be actionable pursuant to

*Heck* until judgment of conviction is invalidated).

The Court has reviewed the proposed amendments and finds amendment is futile.

Therefore, the motion to amend will be denied. (D.I. 20)

## VI.    CONCLUSION

For the above reasons, the Court will: (1) grant Plaintiff's motions to lift the stay (D.I. 17,

19, 25, 26); (2) deny without prejudice to renew Plaintiff's requests for counsel (D.I. 17, 19, 25); (3)

deny Plaintiff's motion to amend (D.I. 20); (4) allow Plaintiff to proceed against Tovar on the

excessive force claim and against Tovar and Perry on the medical needs claims; and (5) dismiss

Defendants Charles Simpson and Delaware State Troop 4 and 5 and the remaining claims as legally

frivolous and based upon immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and §

1915A(b)(1) and (2).

An appropriate Order will be entered.